1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   San Francisco Division

11   ALICIA HAGER,                          Case No. 23-mc-80261-LB

12            Movant,                        **ORDER DENYING MOTION TO**
                                             **QUASH SUBPOENA**
13        v.
                                             Re: ECF No. 1
14   ARIOSA DIAGNOSTICS, INC., et al.,

15            Respondents.

16

17                                    **INTRODUCTION**

18        Dr. Alicia Hager — then an associate at Morrison & Foerster LLP — was a prosecuting attorney

19   for two patents at issue in three patent-infringement cases in the District of Delaware. She moves to

20   quash a third-party subpoena for her deposition testimony.[1] In the Delaware actions, Ravgen claims

21   that Roche, Biora, and Myriad infringed the claims of two Ravgen patents (the '277 patent and the

22   '720 patent) and FMI infringed the claims of the '720 patent. The claims relate to methods for

23   detecting genetic disorders and methods for preparing samples for use in detecting genetic

24   disorders.[2] The Delaware defendants (respondents to Dr. Hager's motion to quash) contend that

25   _____

26   [1] Mot. – ECF No. 1 at 2, 6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations
     are to the ECF-generated page numbers at the top of documents and to page numbers at the bottom.

27   [2] Compls., Exs. A–C to Greene Decl. – ECF Nos. 14-2–14-4. The defendants Ariosa, Roche Sequencing
     Solutions, and Roche Molecular Systems, who are respondents here, refer to themselves collectively as
28   "Roche." Opp'n – ECF No. 14 at 6. This order follows that convention. It also short cites the patents.

patents are unenforceable because they were obtained through inequitable conduct in the form of false and misleading statements to the USPTO.[3] The defendants-respondents want a two-hour in-person deposition.[4] Dr. Hager moved to quash the subpoena in part because she was deposed in a different case by a party represented by the law firm for some of the defendants-respondents here.[5] The court allows a two-hour deposition: the deposition is relevant, the burden from a two-hour deposition is minimal, and a different party conducted the earlier deposition, which means that the defendants-respondents have different interests and are entitled to question Dr. Hager.

## STATEMENT

In the Delaware cases, Ravgen sued the defendants-respondents for patent infringement.[6] The defendants-respondents contend that the Ravgen patents are unenforceable because they were obtained through inequitable conduct in the form of intentional fraud on the USPTO during the patent prosecution from 2003 to 2008.[7] The alleged materially false and misleading statements include misrepresenting test results.[8] The defendants-respondents attribute this conduct to "the named inventor, prosecution counsel and/or others substantively involved in the prosecution of the application…."[9] The named inventor was Dr. Ravinder S. Dhallan, and the prosecuting attorney was Dr. Michael J. Cronin.[10]

---

[3] Opp'n — ECF No. 14 at 7 (citing Answers – Exs. D–G to Greene Decl. – ECF Nos. 14-5 to 14-8).

[4] *Id.* at 6.

[5] The defendants-respondents point out that the law firm does not represent Delaware defendants FMI and Myriad. *See* Dkt. Those defendants were dismissed from this case. Dismissals – ECF Nos. 38–39.

[6] Compls. – Exs. A and C to Greene Decl. – ECF Nos. 14-2, 14-4.

[7] *See supra* n.3.

[8] *See, e.g.*, Am. Answer, Ex. D to Greene Decl. – ECF No. 14-5 at 32–60 (pp. 31–59).

[9] *See, e.g., id.* at 28 (p. 27).

[10] *Id.* at 6 (p. 5) (¶ 27), 42–43 (pp. 41–42). Dr. Cronin worked at Ravgen from 2001 through June 2005, served as outside counsel starting in 2006 after he finished law school and joined a firm, and then (as of his deposition) was "General counsel, IP counsel" for Ravgen. Cronin Tr., Ex. T to Greene Decl. – ECF No. 13-6 at 7–8 (pp. 29:1–30:24, 32:1–31:24).

1

2

3

4

Dr. Hager also was a prosecuting attorney during the prosecution of both patents. She signed various filings submitted to the USPTO.[11] While prosecuting the '277 patent, she (and Drs. Dhallan and Cronin) participated in an interview with the patent examiner where Ravgen relied on its allegedly misleading statements to seek patent issuance.[12]

5

6

7

8

9

10

11

12

13

14

15

16

Ravgen also sued other defendants for allegedly infringing the patents in suit. In a case against Quest, Quest — represented by the law firm that represents some of the defendants-respondents here — also asserted inequitable conduct. Dr. Hager sat for a seven-hour deposition.[13] She testified that she did not remember the prosecution of the patents because it occurred so long ago.[14] Also, the combined time for the defendants-respondents' depositions of Drs. Dhallan and Cronin is seventy-six hours,[15] and the defendants-respondents did not name her in their pleadings.[16] Dr. Hager thus resists the deposition as unnecessary and cumulative (because she does not know and because the defendants-respondents have deposed those who allegedly do).[17] She offered a deposition by written question, but the parties ultimately could not agree on that approach.[18] The defendants-respondents agreed to limit their deposition to two hours.[19] At the hearing, they said that they would hold the deposition at a time and place that is convenient for Dr. Hager and primarily would address only new subject areas.

17

18

19

20

[11] Opp'n – ECF No. 14 at 10 (citing responses); Amend. in Response to Non-Final Office Action, Ex. I to Greene Decl. – ECF No. 14-10 at 68 (p. 67); Amend. in Response to Non-Final Office Action, Ex. J to Greene Decl. – ECF No. 14-11 at 24 (p. 23); Am. Answer, Ex. D to Greene Decl. – ECF No. 14-5 at 30 (p. 29), 32–33 (pp. 31–32), 37–39 (pp. 36–38), 45–46 (pp. 44–45), 49–50 (pp. 48–49), 51 (p. 50), 55–56 (pp. 54–55).

21

[12] 5/17/2007 Interview Summ., Ex. K to Greene Decl. – ECF No. 14-12 at 3 (p. 2), 5 (p. 4); Am. Answer, Ex. D to Greene Decl. – ECF No. 14-5 at 39–40 (pp. 38–39) (discussing interview).

22

[13] Quest Subpoena, Ex. Q to Greene Decl. – ECF No. 13-4.

23

24

[14] See, e.g., Hager Dep., Ex. F to Pryzbylski Decl. — ECF No. 1-8 at 15 (pp. 51:17–52:6), 16–17 (pp. 56:10–12, 57:25–58:13, 59:4–6, 60:9–11), 18 (p. 65:8–10), 20 (p. 73:22–23), 22 (p. 80:1–5), 21 (p. 77:1–3).

25

[15] Pryzbylski Decl. – ECF No. 1-1 at 3–4 (¶ 12).

26

[16] Mot. – ECF No. 1 at 7.

[17] Id.

27

[18] Questions, Ex. P to Greene Decl. – ECF No. 14-17; Mot. – ECF No. 1 at 10–11; Opp'n – ECF No. 14 at 12–13; Emails, Ex. D to Pryzbylski Decl. – ECF No. 1-5.

28

[19] Opp'n – ECF No. 13-2 at 21.

United States District Court
Northern District of California

1    The court held a hearing on December 14, 2023. The parties consented to magistrate-judge

2    jurisdiction under 28 U.S.C. § 636(c).[20]

3                                              **ANALYSIS**

4        The court denies the motion to quash and authorizes a two-hour deposition.

5        Federal Rules of Civil Procedure 45(d) and 26 guide the court's enforcement of non-party

6    subpoenas. Under Rule 26(b)(1), a party may obtain discovery "regarding any nonprivileged

7    matter that is relevant to any party's claim or defense and proportional to the needs of the case,

8    considering the importance of the issues at stake in the action, the amount in controversy, the

9    parties' relative access to relevant information, the parties' resources, the importance of the

10   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

11   outweighs its likely benefit." The scope of discovery is the same under Rule 45. Fed. R. Civ. P. 45

12   advisory committee note to 1970 amendment ("the scope of discovery through a subpoena is the

13   same as that applicable to ... other discovery rules"); *GreenCycle Paint, Inc. v. PaintCare, Inc.*,

14   No. 15-cv-04059-MEJ, 2018 WL 1399865, at *2 (N.D. Cal. Mar. 19, 2018).

15       Non-parties that are unrelated to the litigants should not be burdened in discovery to the same

16   extent as litigants, and requests to them must be drawn narrowly to meet specific needs for

17   information. *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at

18   *3 (N.D. Cal. Oct. 31, 2018) (collecting cases). Generally, the party moving to quash bears the

19   burden of persuasion, but the party "issuing the subpoena must demonstrate that the information is

20   relevant and material to the allegations and claims at issue in the proceedings." *GreenCycle*, 2018

21   WL 1399865, at *3.

22       A two-hour deposition of Dr. Hager is reasonable. Her testimony as patent prosecution counsel

23   is relevant: the defendants-respondents attribute the inequitable conduct in part to "prosecution

24   counsel and/or others substantively involved in the prosecution" of the patent applications.[21] The

25   record does not reflect that she participated in the alleged bad conduct: the respondents suggested

26

27   [20] Consents – ECF Nos. 22, 28, 32, 34; Dismissals – ECF Nos. 38–39 (dismissing Myriad and FMI).

28   [21] Am. Answer – Ex. D to Greene Decl. – ECF No. 14-5 at 28.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  that the alleged bad actors kept her in the dark. That context and her role as outside counsel give

2  her a unique perspective. Her lack of memory does not preclude her deposition. *Dey, L.P. v.*

3  *Snnovion Pharms., Inc.*, No. C 12-80078 CRB (LB), 2012 WL 1094341, at *3 (N.D. Cal. Mar. 29,

4  2012) (deposition was not cumulative or duplicative, even with the deponent's lack of memory,

5  because the deponent's memory could be refreshed by questioning and examination of relevant

6  notebooks). If Dr. Hager cannot recall relevant information, the defendants will ask about her

7  typical practices.[22] Also, there are at least some new topics, such as the test results summarized in

8  Table V of the patent application and laboratory notebooks.[23] At the hearing, Dr. Hager identified

9  testimony that the alleged bad actors never gave her the notebooks.[24] But that information is

10  relevant to the alleged inequitable conduct.

11      Another factor is that the parties here are different than the parties in the *Quest* litigation and

12  are entitled to obtain Dr. Hager's testimony. Finally, the burden from a two-hour deposition is

13  minimal. *See Elantech Devices Corp. v. Synaptics, Inc.*, C 06-1839 PVT, No. 2008 WL 11390835,

14  at *1 (N.D. Cal. Aug. 11, 2008) (short deposition weighs against a finding of undue burden);

15  *Yanping Chen v. FBI,* No. 22-mc-0074 (CRC), 2022 WL 17851618, at *6 (D.D.C. Oct. 18, 2022)

16  (two-hour deposition does not create undue burden). These cases are not Rule 45 cases, but they

17  support the conclusion that the two-hour deposition is narrowly tailored to avoid burden to a non-

18  party deponent who is a prosecuting attorney for the patents.

19

20                                               **CONCLUSIONs**

21      The court orders a two-hour in-person deposition. This disposes of ECF No. 1.

22      **IT IS SO ORDERED.**

23      Dated: December 14, 2023

                                       _____

24                          LAUREL BEELER
                        United States Magistrate Judge

25

26  ---

[22] Opp'n – ECF No. 13-2 at 16 (citing summary-judgment case for the proposition that it is relevant to inequitable conduct whether the plaintiff's usual patent-prosecution practices were followed).

27  [23] *Id.* at 15 (comparing proposed written questions with prior deposition testimony

28  [24] Cronin Dep. – ECF No. 43-1.